**SO ORDERED.**

**SIGNED this 26th day of July, 2011.**



_____
 LEIF M. CLARK
 UNITED STATES BANKRUPTCY JUDGE

_____

### UNITED STATES BANKRUPTCY COURT
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br>LEGAL XTRANET, INC., D/B/A ELUMICOR<br>  *DEBTOR* | BANKR. CASE NO.<br>11-51042-C<br>CHAPTER 11 |
| LEGAL XTRANET, INC., D/B/A ELUMICOR<br>  *PLAINTIFF*<br>V.<br>AT&T MANAGEMENT SERVICES, L.P.,<br>F/K/A SBC MANAGEMENT SERVICES, L.P.<br>  *DEFENDANT* | ADV. NO. 11-5042-C |

### DECISION AND ORDER ON MOTION TO RECONSIDER DECISION AND ORDER ON DEFENDANT'S MOTION TO REMAND

On May 24, 2011, this court entered its decision and order on defendant's motion to remand. The court ruled that it had subject matter jurisdiction over the removed matter, but that both parties' claims were non-core and that the case could be timely adjudicated in state court. Based thereon, the court concluded that mandatory abstention applied, and that, under controlling Fifth Circuit precedents, remand of the case was required. On June 2, 2011, the plaintiff timely filed a motion to reconsider that ruling, on grounds that the court's abstention analysis did not fully consider the status of the case as of the time of the remand order. The plaintiff asserted that the recoupment defense in the defendant's live pleading at the time of the remand "was actually in the nature of credit and offset

and, as such, was a claim against the estate and thus core, rendering mandatory abstention improper. The defendant responds that, because there was no stay of the remand order, there is no longer any jurisdiction to entertain reconsideration of the order. The defendant also adds that the motion to reconsider raises arguments that either were or could have been argued at the hearing on the motion to remand, so that further reconsideration of those arguments now is improper. Finally, the defendant notes that the court did not commit any manifest errors of law, nor has the plaintiff pointed out any such errors. On that point, the defendant adds that a recoupment defense is, by its very nature, not a claim (informal or otherwise).

The court understands the arguments of LXI, but rejects them. LXI says that abstention analysis requires a different evaluation from remand analysis. Were the court writing on a clean slate, it might agree. In fact, this court has noted in previous opinions that abstention and remand are, in federal jurisprudence, separate doctrines, with a separate purpose for each, and thus separate tests for their application. *See, e.g., Fedders North America, Inc. v. Branded Products, Inc. (In re Branded Products, Inc.)*, 154 B.R. 936, 947 (Bankr. W.D.Tex. 1993); *see also* 28 U.S.C. §§ 1334(c)(2), 1452(b). The court is not writing on a clean slate, however. *See In re Southmark Corp.*, 163 F.3d 925, 929 & n. 6 (5th Cir. 1999) (overruling *Branded Products* on this point). Said the court in *Southmark*, "we note, only to reject out of hand, Coopers' assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction. There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise. We endorse the majority rule." *Id.* As the Fifth Circuit has endorsed what this court has since called the procedural devise of "mandatory remand," this court is obligated to follow that rule, regardless whether this court concurs in the analysis that gave birth to that concept. *See In re Wright*, 231 B.R. 597, 602-03 (Bankr. W.D.Tex. 1999) (discussing the implications of the rule announced in *Southmark*, and coining the expression "mandatory remand" to describe the procedural rule that necessarily follows from the *Southmark* holding).

After *Southmark*, the elements of section 1334(c)(2), when applied in the context of a motion for remand, ought to be applied as of the filing of the motion, because, after

*Southmark*, the mandatory abstention provisions, once invoked in the context of remand, are not in fact abstention provisions as such at all. They are instead provisions which, when found, compel remand. Thus, procedurally, after *Southmark*, section 1334(c)(2), when invoked in the remand context, should not be treated as a request of abstention at all, but as a species of remand. Procedurally, a court should review the state of the pleadings as of the filing of the motion for remand, and not as of the hearing on the motion because, in reality, the relief sought is not abstention but remand.[1]

Because the court treats "mandatory abstention" factors when raised in the removal context as "mandatory removal" factors, and thus reviews the pleadings as they stood on the date of the removal, it is unnecessary to reach the question whether the amended answer asserting recoupment as a defense raises a claim against the estate or not. The issue is not relevant to the determination.

For the reasons stated, the motion to reconsider is denied.

# # #

---

[1] It would have been helpful had Congress simply placed a cross reference to the provisions of section 1334(c)(2) in section 1452(b), thus assuring that the statute actually say what the Fifth Circuit says it says. That did not happen, in part because in 1984, Congress was rewriting former section 1471 to "fix" the *Marathon* problem. *See* Editors' Comment to 28 U.S.C. § 1334, NORTON BANKR. CODE (pamphl. ed. 2010-2011), at 1669. Former section 1471 contained a statutory provision for discretionary abstention, designed to counterbalance the broad new grant of subject matter jurisdiction conferred in that section. The discretionary abstention provision was retained in new section 1334, but was then supplemented by the "mandatory abstention" provisions in subsection (c)(2), to require abstention in the circumstances presented by *Marathon*. It will be recalled that *Marathon* was not a removal case. It was an action originally initiated in the bankruptcy court under the authority conferred by former section 1471(b). It may well be that Congress never actually contemplated that the new mandatory abstention provisions would be used in the remand context, though it is equally plausible that Congress would have intended that a similar rule be applied to motions to remand where the factors set out in section 1334(c)(2) are otherwise present. A cross-reference in section 1452 to section 1334(c)(2) would have made that intention clearer.